```
1              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
2                      Norfolk Division

3

4  - - - - - - - - - - - - - - - - - -
                                     )
5   UNITED STATES OF AMERICA,         )
                                     )
6   v.                                )     CRIMINAL ACTION NO.
                                     )     2:22cr122
7   PIERRE DE ROMEO SMITH,            )
                                     )
8           Defendant.                )
                                     )
9  - - - - - - - - - - - - - - - - - -

10

11

12              TRANSCRIPT OF PROCEEDINGS
                 (Excerpt of Proceedings)

13                Norfolk, Virginia

14                  April 3, 2023

15

16  BEFORE:  THE HONORABLE ELIZABETH W. HANES
                United States District Judge

17

18

19  APPEARANCES:

20          UNITED STATES ATTORNEY'S OFFICE
            By:  Emily Rebecca Gantt
21               Megan M. Montoya
                 Assistant United States Attorneys
22               Counsel for the United States

23          TREVOR JARED ROBINSON, ESQ.
            By:  Trevor J. Robinson
24               Counsel for the Defendant

25
```

JILL H. TRAIL, Official Court Reporter

```
1              (Excerpt of proceedings.)

2              THE COURT:  Ladies and gentlemen, the clerk is now

3    randomly selecting 12 individuals, and then both of the

4    parties will begin the process of essentially selecting the

5    jury, which allows them to strike or remove certain jurors

6    until a full 14 individuals are selected.

7              So, ladies and gentlemen, what will happen now is

8    the parties will spend some time reviewing and making

9    certain -- we call them preemptory challenges, which is

10   essentially that each side can remove a certain number of

11   jurors as we select the panel, and so I do want to remind you

12   that regardless of whether or not you are selected, each of

13   you, the fact that you're just here is an important function

14   of our judicial system and it's very valuable service to this

15   Court and also to the judicial system.

16             So while they're working on that process, I am just

17   going to briefly tell you some things about what your duties

18   are as a juror and then give you some preliminary

19   instructions that will guide you as you listen to the

20   evidence in this case.  Now, I know that only a few of you

21   will be selected to serve as jurors but I like to give these

22   instructions now.  Hopefully, those of you that are not

23   selected will still find it informative and interesting, but

24   I will ask everyone to pay attention because if you are

25   selected, it's important that you listened and understand the
```

1    instructions that I am going to give you now.  So at the end

2    of the trial I will give you more detailed instructions and

3    those instructions will control how you deliberate, but I

4    will provide you some initial instructions now.

5            I will remind you that two of the individuals who

6    are selected will be designated as alternates, and that means

7    that you will sit with the jury, but an alternate juror, if

8    you don't replace a juror prior to the jury's retiring to

9    deliberate, you will be discharged and may not participate in

10   the deliberations.  You are not permitted to participate in

11   the deliberations.  And so you won't know whether you are an

12   alternate or not, but what will happen is at the end of the

13   trial as long as there haven't been any replacements made,

14   those two alternates will be excused prior to the

15   deliberations beginning.

16           It will be your duty as jurors to decide from the

17   evidence what the facts are in this case.  You and you alone

18   will be the judges of the facts, and you will hear the

19   evidence, decide those facts, and then apply the facts to the

20   law of the case, and I will provide you the law at a later

21   time, and that's how you reach your verdict, and in doing so

22   you have to follow the law as you are given, whether or not

23   you agree with that law.

24           Now, don't take anything that I say or do during the

25   trial as indicating what your verdict should be.  You

1    shouldn't be influenced by anything that I do, for example,

2    taking notes, not taking notes, questions that I ask, that

3    may or may not have anything to do with what's happening in

4    the trial. And so just understand that nothing I do should

5    influence you.

6          Now, it is my job sometimes to admonish an attorney

7    who out of zeal for his or her cause does something which is

8    not in keeping with the rules or evidence or procedure, but

9    you shouldn't let this have an effect on your evaluation of

10   the merits of the government's or the defendant's case.

11   Essentially, it's part of their job to zealously represent

12   their clients, and it's my job sometimes to tell them that

13   something they have done they can't do.

14         Now, you all will decide what the facts are from the

15   evidence that's presented here in court, and that evidence

16   can be testimony from witnesses, depositions, if any have

17   been taken, documents, or anything else received into

18   evidence such as exhibits, or any facts upon which the

19   attorneys agree or which I instruct you to accept.

20         There are some things that are not evidence, and so

21   the following things are not evidence and you should not

22   consider them as evidence in deciding this case:  Any

23   statements or arguments made by the attorneys, any questions

24   of the attorneys or objections that the attorneys make, if I

25   instruct you to disregard a witness' testimony, you should

1    disregard the witness' testimony and not consider it,

2    anything that you see that may happen while court is not in

3    session, even if what you see or hear is done or said by one

4    of the parties or one of the witnesses.

5            Now, there are two types of evidence.  There is

6    direct evidence and circumstantial evidence.  So direct

7    evidence is testimony by a witness about what that witness

8    saw or heard or did themselves.  Circumstantial evidence is

9    indirect evidence, that is proof of one or more facts from

10   which one can find or infer another fact.

11           So let me give you an example.  If you are outside

12   and you start to feel water on your face, you look up, it's

13   raining, you personally observe that it's raining.  You can

14   testify it was raining.  That's direct evidence.  If you're

15   inside your house and you hear the rain, you could testify, I

16   heard it raining.  That's direct evidence.  If, however,

17   you're inside your house and you walk outside and the

18   sidewalk is wet, you may testify it rained, but you didn't

19   see that rain or hear that rain.  That would be

20   circumstantial evidence, the fact that the sidewalk is wet,

21   circumstantial evidence.

22           You can consider both direct and circumstantial

23   evidence in deciding the case, and the law allows you to give

24   equal weight to both, and it's up for you to decide how much

25   weight to give any type of evidence that you hear in the

1    case.

2         There are these things we call rules of evidence

3    which control what can come into evidence in the case.  And

4    when an attorney asks a question or offers an exhibit into

5    evidence and a lawyer on the other side thinks that it is not

6    permitted by these rules of evidence, that attorney can

7    object.  If I overrule the objection, then, the question can

8    be answered or the exhibit may be received.  It's essentially

9    I have overruled the person's objection.  But if I sustain

10   the objection, then, the question cannot be answered or the

11   exhibit cannot be received.  And if I sustain an objection to

12   a question, you should ignore that question and not try to

13   guess what the answer would have been.  And you shouldn't be

14   prejudiced for or against a lawyer or a party because they

15   make an objection, and regardless of whether I sustain or

16   overrule the objection.  It's the duty of the attorneys to

17   represent their clients and sometimes that means they will

18   need to make objections.

19        As I said, I may order that certain evidence be

20   stricken from the record, and you are to ignore that

21   evidence.

22        Some evidence will be admitted for a limited

23   purpose, and that means that you should only consider it for

24   that certain purpose and not for other purposes, but I would

25   tell you when that happens.

1          So in deciding the facts of the case, you have to

2     decide which witnesses to believe and which witnesses not to

3     believe, and you can believe everything a witness says, or

4     only part of what the witness says, or nothing of what the

5     witness says, and that's up to you.  You can consider a

6     number of different factors including, for example, the

7     witness' ability to hear or see or know the things that the

8     witness is testifying about, the quality of that witness'

9     memory, the manner in which they testify, any interest that

10    the witness may have in the outcome of the case, any motive,

11    bias or prejudice of the witness, any contradiction of the

12    witness by anything the witness said or wrote before trial or

13    by other evidence, the reasonableness of the witness'

14    testimony when considered in light of the other evidence

15    which you do believe.

16         There may be limitations imposed on the ability of a

17    witness to give an opinion.  Normally a witness' testimony is

18    limited to facts, for example, as to what they saw or heard

19    or did.  However, when a witness has some specialized

20    knowledge concerning a particular subject matter which might

21    assist an ordinary jury or an ordinary judge to understand

22    something that might be complicated or technical, that

23    witness is called an expert, an expert witness, and is

24    permitted to testify in greater latitude in giving their

25    opinion.  And if a witness testifies based on their training,

1   qualifications or knowledge, you should try to evaluate the

2   testimony of this witness just like you would evaluate the

3   testimony of any other witness under those factors that I

4   just talked about.  And you should also, if you hear the

5   testimony of an expert witness, evaluate their training,

6   their qualifications, knowledge of the subject matter

7   concerning what they're testifying, and you should realize

8   that the testimony of a witness is no more controlling than

9   any other witness because it is your judgment which is the

10  final answer insofar as these questions are concerned.

11          Now, this is a criminal case, and so there is three

12  basic rules about a criminal case that I need you to keep in

13  mind.

14          First, a defendant, Mr. Smith particularly, is

15  presumed innocent until he is proven guilty.  And the

16  indictment, the charges brought by the government against

17  Mr. Smith, they are only an accusation and nothing more.  It

18  is not proof of guilt nor is it proof of anything else.  And,

19  therefore, Mr. Smith, he starts today with a clean slate.

20          Second, it is the government's burden to prove to

21  you -- it is their burden of proof in a criminal case, and

22  Mr. Smith, he has no burden to prove his innocence, to

23  present any evidence, or to testify, and he has the right to

24  remain silent.  And so if he chooses to remain silent, you

25  can't consider his silence in arriving at your verdict.

1          Third, the government must prove Mr. Smith's guilt

2     beyond a reasonable doubt, and I will give you instructions

3     on this point later in the proceeding, but what is important

4     to remember is a criminal case is different than a civil

5     case, and in a criminal case the government has the burden of

6     proof to prove each of the essential elements beyond a

7     reasonable doubt.

8          Let me talk to you about your conduct as a juror.

9     So, first, during the trial you should not discuss with each

10    other the case.  You shouldn't discuss with yourselves, the

11    jury, or anyone else anything about the case.  At the end of

12    the case, after all of the testimony has been heard and all

13    of the evidence has been received, I will instruct you to

14    retire to the jury room and begin your deliberations.

15    However, until that time you are not to have any discussions

16    with each other about this case.  And so I understand you're

17    going to be together while this case is proceeding, and

18    certainly you can talk about things like your job and your

19    vacations and yourselves, but what you shouldn't talk about

20    is the case itself because it's important not to form an

21    opinion prematurely.

22          Second, don't let anyone talk to you about the case

23    or about anyone who has anything to do with the case.  Please

24    don't try to engage the court staff in discussions about the

25    case.  And if someone tries to talk to you, please report it

1    to our courtroom security officer immediately.

2          It is important, also, that you not read any news

3    stories or articles or listen to the radio or television

4    about the case or anyone who in any way is connected with the

5    case.  And so that includes, also, that you not conduct

6    research about the case, or not just about this specific case

7    but, for example, if you heard a term and you didn't

8    understand it, it would not be okay for you to go onto Google

9    and search that term and try to figure out what it means.

10   When we talk about research, that's what I mean.  So you

11   shouldn't research the case, any matters in the case, any

12   individuals that are involved in the case.  You shouldn't

13   look at dictionaries, reference materials, search the

14   internet.  The point is that the information that you receive

15   about this case should come while you're in the courtroom

16   hearing evidence.  You should not try to get any other

17   information about the case from any other source.

18         So, finally, until you retire to deliberate, you

19   should not discuss the case with anyone, even your fellow

20   jurors, and then after you retire to deliberate you can begin

21   to discuss the case with your fellow jurors, but you cannot

22   discuss the case with anyone else until you've returned a

23   verdict and the case is at an end.

24         What I like to say to people is think of yourselves,

25   the jury, as a collective.  You are like a superhero.  You

1    have a superpower.  It is the power to return the verdict in

2    this case, but it only works if you are all together.  So you

3    shouldn't deliberate when someone is gone.  You shouldn't

4    deliberate by yourselves or on the side with other fellow

5    jurors.  Everyone should be together.

6            I do hope that you find the case interesting, and I

7    do understand that many of you, not all of you, use cell

8    phones and the internet and other tools of technology, but

9    please do not use those to communicate electronically with

10   anyone about this case, and that does include your family and

11   friends.  You can tell them that you are a juror in a case,

12   but please do not talk to them about the case until after you

13   have been discharged, and at that point you can speak with

14   them, but do not communicate with anyone about the case on

15   your cell phone, email, text messaging, Twitter, YouTube, any

16   type of blogs, website, internet chat rooms.  That would also

17   mean you shouldn't go onto any social media while you're

18   deliberating a case and share information about the case

19   either.  You don't want to receive any information regarding

20   the case.

21           Please do not make up your mind about what the

22   verdict should be until after you have gone to the jury room

23   and I have instructed you and given you the law and you've

24   begun your deliberations, and please keep an open mind.

25           I will also just remind you that the attorneys, the

1    parties, their representatives, the witnesses are not

2    permitted to talk with or socialize with members of the jury

3    during the trial in this case.

4           Also, we do have a court reporter, and that court

5    reporter is taking down everything that is said in court.

6    However, when you go back to deliberate, you will not have a

7    written transcript of what happened in the trial, and so you

8    have to make your decisions based on what you recall of the

9    evidence, so please pay attention.

10          I will provide you each with a notepad, and some of

11   you may prefer to take notes as the evidence is presented.

12   Other of you may not want to take notes.  It's for you to

13   decide whether or not you want to take notes.  I will tell

14   you and caution you that it's not necessary for you to take

15   notes, but it is necessary for you to carefully consider the

16   evidence in the case, but don't let the note taking interfere

17   with actually listening and considering the evidence.  And if

18   you do take notes, do not discuss them with anyone until the

19   end of the case when you begin your deliberations.  If you

20   choose not to take notes, just remember that it is your

21   individual responsibility to listen to the evidence and to

22   rely on your independent recollection of the evidence, and

23   don't be influenced by someone who may have taken notes.

24   Those notes are for their personal use or for your personal

25   use in refreshing your recollection, and so if you take

1    notes, you can refer to those.  If someone else takes notes,

2    they can refer to those.

3           Now, when you're excused from the courtroom at the

4    end of the day, you will place your notes in a bag that is

5    provided to you, and those notes will remain in the

6    courthouse.

7           Once you begin your deliberations, you may have your

8    notes with you, but just note that one juror's notes are not

9    necessarily to be given more weight than the memory of

10   another person who did not take notes.  Your notes are not

11   evidence and they do not take precedence over your

12   independent recollection of these proceedings.  And once the

13   case is over, the courtroom deputy will collect your notes

14   and destroy them.

15          Jurors are not permitted to ask questions of

16   witnesses or the attorneys in this case, but if you are

17   unable to hear a witness or a lawyer, just raise your hand,

18   and that will tell me that you need something, either you

19   didn't hear what was asked or what was said, and we will make

20   sure that it's repeated.  And, also, our courtroom security

21   officer, he is here to make sure that you all are

22   comfortable, that you have what you need, and so if someone

23   needs a break or there is something going on, please let him

24   know if there is a problem such as you're not comfortable, or

25   you can't hear, or you need something.

1          So as I said before, how we will handle things is

2     we're generally going to start at 9:30, maybe we would start

3     at 9:00 o'clock, and we'll typically go until about 5:00.  We

4     will take approximately a one-hour lunch break usually around

5     12:00 to 1:00 and try to take a morning and afternoon recess

6     as well.  If there is something that I need to understand

7     regarding your need for breaks, for example, please let the

8     courtroom deputy know that.

9          Now, sometimes I will need to talk with the

10    attorneys about certain things outside of your presence, and

11    those conferences are necessary to just ensure that the law

12    is properly applied, and sometimes I will handle those as I

13    did earlier this morning when the parties will approach the

14    bench and we turn on that white noise, and so in that

15    instance the court reporter is still recording what we say

16    but the white noise is played so that essentially others in

17    the room cannot hear what we're talking about.  So sometimes

18    I think people may think this is very rude and not understand

19    it, but I do want to tell you that it is necessary.  And

20    during those times, please feel free if you need to stand up,

21    stretch a little bit, please do so.  I do think that helps

22    people.  If sometimes it's just going to take longer, then,

23    we will take a recess and I will excuse you from the

24    courtroom so that you will be more comfortable.  And

25    generally we try to keep those at a minimum because I value

1   your time and I know the parties value your time.  So we're

2   trying to get through this case as quickly as possible but we

3   have to ensure, obviously, that all of the evidence is heard

4   and that the parties are given an opportunity to be heard.

5           When we start, each party will have an opportunity

6   to make an opening statement.  Opening statement is not

7   evidence nor argument.  It's just an outline of what a

8   particular party intends to prove, offered to help you follow

9   the evidence.  And then we will start.  The government will

10  present witnesses, and the attorney for the defendant can

11  cross-examine those witnesses.  The defendant may then

12  present witnesses if he chooses to do so, and the government

13  can cross-examine those witnesses if they choose to do so.

14  After all of the witnesses have testified, I will give you

15  instruction on what the law is in this case, and the

16  attorneys will also make their closing arguments which

17  summarize and suggest their interpretation of the evidence to

18  you, and then you will deliberate, retire to deliberate on

19  your verdict.

20          Now, I do want to just make sure you understand who

21  is here and what our jobs are.  Obviously, I am the Judge in

22  this case, which means that I make certain rulings regarding

23  the admissibility of evidence, other legal issues.  I make

24  sure that everyone is doing what they're supposed to be

25  doing, make sure the jury has what they need, and just

1    generally supervise the trial process.

2         I do have our court reporter, who is over here to my

3    right, and she is taking down everything that's said.  So

4    sometimes we may ask a witness to speak up or to repeat what

5    they say because it's important that she's able to make a

6    full record of what happens here.

7         We do have also my courtroom deputy, which is here

8    to my left, and she manages all of the evidence, makes sure

9    that that comes in, we keep track of it, coordinates the

10   audiovisual tools, coordinates our schedules, prepares

11   orders, generally assists me throughout this process.

12        Our courtroom security officer, who is your go-to

13   person and will help ensure that you are comfortable and have

14   what you need when you're deliberating but generally is there

15   to assist you, escort you, maintain order in the court.

16        I do also have a law clerk, which is up here on my

17   far right, who is also an attorney and generally assists me

18   in making sure I get things right.

19        Generally, like I said, we will break for lunch each

20   day, and you can either leave the courthouse for lunch, or

21   you can bring your lunch and snacks if you choose to do so.

22   There is a refrigerator available to you in the jury room,

23   and there are also vending machines in the courthouse on the

24   second floor.  During lunch, you can choose to eat here if

25   you want to, but you can also choose to go outside or eat in

1    your car.  Certainly, some jurors choose to eat here, others

2    choose to leave.  And like I said before, we would expect

3    that you would talk to your fellow jurors but, please, as

4    I've already said, do not talk about the case until you have

5    retired to deliberate.

6          I think that those are all of the instructions that

7    I have to give you, and the attorneys should be done in just

8    a few moments, and we will proceed after that.

9          Ladies and gentlemen, they are almost done, and so

10   let me just tell you what will happen right after that so you

11   know what to expect.  The clerk will call those of you that

12   have been selected as jurors and alternates, and you will

13   come here and sit wherever, and then we will swear in those

14   jurors.  And after that, those that have been selected, we

15   will likely take a lunch break right after that to allow you

16   to get situated and have a bite to eat and take a break.  And

17   then those that are not chosen, don't jump up and leave.  It

18   will just take us another three to four minutes to get the

19   jury sworn in, and when we break for lunch then you can

20   leave, and you are excused for the remainder of the day.  And

21   I will say in advance I very much appreciate that each of you

22   are here today.

23         Remember, courts are generally open, which means

24   that if you want to go into state or federal court and watch

25   a trial or the proceedings, courts are generally open and you

```
 1    can do so, and I regularly have student groups and other

 2    interested people come in and watch any hearings that I have,

 3    so I will also just let you know that is also your option as

 4    well.

 5              Government, are you satisfied with the composition

 6    of the jury?

 7              MS. MONTOYA:  Yes, Your Honor, thank you.

 8              THE COURT:  Defendant?

 9              MR. ROBINSON:  Yes, Your Honor.

10              (End of excerpt.)

11

12                           CERTIFICATION

13

14       I certify that the foregoing is a correct transcript

15    from the record of proceedings in the above-entitled matter.

16

17

18              _____/s/_____

19                         Jill H. Trail

20                         April 19, 2023

21

22

23

24

25
```

JILL H. TRAIL, Official Court Reporter

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25