IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO.: 2:22-CR-122 |
| ) | |
| ) | |
| ) | |
| PIERRE DE ROMEO SMITH ) | |
| ) | |
| Defendant. ) | |

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

COMES NOW the Defendant, PIERRE DE ROMEO SMITH, by Counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the Sentencing Guidelines and Policy Statements as well as this Court's sentencing Order, and hereby represents that Mr. Smith has received the Probation Office's presentence investigation report filed with the Court on July 5, 2023. In this pleading, Mr. Smith states his position with regard to the sentencing factors. Mr. Smith respectfully submits that a sentence far less than the statutory recommendation of life is adequate, and that such a sentence is both reasonable and appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553.

**OBJECTIONS**

As required by the rules of this Court, the Attorney for the Government, Counsel for the Defense and United States Probation communicated regarding any proposed objections to the Presentence Report. Mr. Smith hereby lodges an objection to the jury's finding, and denies all allegations in the case at bar; as recited in the offense conduct section of the presentence report.

**18 U.S.C. § 3553(A) – FACTORS TO CONSIDER AT SENTENCING**

In determining the appropriate sentence to impose, this Court must follow the guidance of the United States Supreme Court in Gall vs. United States, 552 US 38, 50 (2007):

> *(The) district Court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.* (Citation and footnote omitted).

Analysis of the factors set forth in 18 USC §3553(a) supports the result which Mr. Smith seeks. The general directive of 18 USC § 3553 requires the Court to formulate a sentence which is sufficient to accomplish the purposes of sentencing. If the Court properly considers Mr. Smith's difficulties during his childhood years; coupled with substance abuse issues as an adult, Mr. Smith's position on sentencing is appropriate when applying said factors of 18 U.S.C. § 3553(a) to the case at bar. The statute instructs the Court to consider the need for the sentence to (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of Mr. Smith; and (d) to provide Mr. Smith with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner. In considering these goals of sentencing, the Court is instructed to consider the following factors:

**I. NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF MR. SMITH. 18 USC §3553(A)(1)**

Mr. Smith was tried and found guilty of counts 1 through 7 by a jury of his peers. The trial commenced on April 3, 2023 and resolved on April 6, 2023. It is without question that the charges in the case at bar are extremely serious offenses, that carry significant consequences. Despite the allegations of each of the offenses, Mr. Smith is of the opinion that the evidence was insufficient for a finding of guilt beyond a reasonable doubt. He further maintains that law enforcement lacked probable cause to detain him. However, the undersigned consulted with Mr. Smith, his previous counsel and investigated the allegations to the best of his ability; and could not conceive of a pleading, grounded both in law and fact, to challenge such probable cause.

The following subparts are designed to address 18 U.S.C. § 3553(a)(1).

**DEFENDANT'S CRIMINAL HISTORY**

Pursuant to the presentence investigation report, it apparent that Mr. Smith comes before this Honorable Court with both juvenile adjudications and adult felony convictions; which resulted in commitments to both the Department of Juvenile Justice and the Department of Corrections. This matter is Mr. Smith's first federal prosecution. His adult criminal record could be attributed to a breakdown in both the identification and treatment of both internal and external stimuli during his childhood; which ultimately brings him before this Court in the case at bar. Mr. Smith reported being a victim of domestic abuse, which he described as "kind of normal." He further reported his mother's drug addiction.

## CHARACTERISTICS OF MR. SMITH

Although it appears that Mr. Smith's basic needs were met when he was young, it has been reported that Mr. Smith endured a difficult childhood, and exhibited behavioral problems while in juvenile detention. He was then transferred to the Department of Juvenile Justice at age 15. In summary, it was reported that Mr. Smith had great difficulty in achieving his treatment goals. Despite his criminal record, Mr. Smith endeavored to remain employed by engaging in various trades; such as Virginia Turf, Southside Tires, Joven's Cleaning, painting and pressure washing. Mr. Smith was employed at Flower's Cleaning Services at the time of his arrest. It is apparent that Mr. Smith is employable, and exhibits an acceptable work ethic.

## DEFENDANT'S HEALTH

The presentence report has confirmed that Mr. Smith is in overall good health, despite high blood pressure and being shot in his leg in September 2000. A mental health assessment might be prudent to address any outstanding concerns.

## FAMILY CIRCUMSTANCES

The presentence report discloses that Mr. Smith and his sister were raised by both his mother and grandmother. Mr. Smith did not have regular contact with his father, who resides in California. The presentence report further discloses that Mr. Smith has two children; ages 2 and 3. It is without question that Mr. Smith is needed to assist in their upbringing.

### THE NATURE OF THE OFFENSES

Mr. Smith has been found guilty of sex trafficking by force, sex trafficking of a minor, production of a visual depiction of a minor engaged in sexually explicit conduct, possession of cocaine, fentanyl and methamphetamine with the intent to distribute, and possession of a firearm by a convicted felon. While acknowledging a conviction on all counts by a jury of his peers, Mr. Smith will argue at the sentencing hearing that, in consideration of the sentencing factors and all mitigating circumstances, his proposed sentence is adequate to both punish and rehabilitate.

### THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE 18 USC § 3553(A)(2)(A)

It is without question that sex trafficking by force, sex trafficking of a minor, production of a visual depiction of a minor engaged in sexually explicit conduct, possession of cocaine, fentanyl and methamphetamine with the intent to distribute, and possession of a firearm by a convicted felon are most serious offenses. Mr. Smith cognizant of the gravity of the charges in the case at bar.

Mr. Smith faces a potential life sentence. It is Defendant's position that a sentence less than life will adequately accomplish the sentencing goals.

### ADEQUATE DETERRENCE TO CRIMINAL CONDUCT 18 USC § 3553(A)(2)(B)

The fact that Mr. Smith has been charged, tried and found guilty of seven felonies that subject him to a potential life sentence has certainly deterred Defendant from engaging in any criminal behavior in the future.

**PROTECT THE PUBLIC FROM MR. SMITH 18 USC § 3553(A)(2)(C)**

It is expected that Mr. Smith shall abide by the terms and conditions of supervised release; to include his maintenance of stable employment, abstinence from any illegal substances, and abstinence from possessing a firearm. His expected successful completion of such a regimen should adequately protect the public, as Mr. Smith will be diligent in his duties.

## II. PROVISION FOR MR. SMITH FOR TRAINING, CARE OR TREATMENT UNDER 18 USC § 3553(A)(2)(D)

Mr. Smith will avail himself to any training, counseling or other such course of treatment this Honorable Court shall order.

## III. KINDS OF SENTENCES AVAILABLE – 18 USC § 3553(A)(3):

This Court may, after considering the appropriate guideline calculation, consider a sentence less than life in prison. The Court can also consider ordering the appropriate substance abuse and/or mental health treatment both during incarceration and after his release.

## IV. RELEVANT GUIDELINES – 18 USC § 3553(A)(4)

The possible sentences and applicable guidelines are set forth in the presentence investigation report, subject to the position noted herein.

## V. RELEVANT POLICY STATEMENTS. 18 USC §3553(A)(5)

None known to Mr. Smith.

### VI. NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES. 18 USC §3553(A)(6)

Counsel may argue this factor at sentencing based upon sentences imposed throughout the various districts and circuits in the United States.

### VII. RESTITUTION. 18 USC §3553(A)(7)

None known to Mr. Smith.

### CONCLUSION

This Court is respectfully urged to impose a sentence below the recommended life sentence. It is expected that Mr. Smith will properly address any outstanding personal issues, both while in custody and upon his release, so that he can properly care for both himself and his two children. Mr. Smith submits that such a proposed sentence is appropriate, and properly balances the scales of justice with regard to the facts and circumstances in the case at bar.

Mr. Smith hereby submits his position with respect to sentencing factors this 26th day of July, 2023.

PIERRE DE ROMEO SMITH

BY:  /s/
Trevor Jared Robinson, Esq., VSB No. 68591
Counsel for Defendant Pierre De Romeo Smith
801 Boush Street, Suite 202
Norfolk, Virginia 23510
Tel: 757-622-4686
Fax: 757-622-4779
Email: Trevor@robinsonlaw.net

## CERTIFICATE OF SERVICE

    I certify that on this 26th day of July, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to the following filing users:

Megan M. Montoya, Esq.
Rebecca Gantt, Esq.
United States Attorneys
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510

I also certify that I have sent the foregoing to the following via email:

Joshua A. Coleman
U.S. Probation Officer
600 Granby St., Suite 200
Norfolk, Virginia 23510

       /s/
Trevor Jared Robinson, Esq., VSB No. 68591
Counsel for Defendant Pierre De Romeo Smith
801 Boush Street, Suite 202
Norfolk, Virginia 23510
Tel: 757-622-4686
Fax: 757-622-4779
Email: Trevor@robinsonlaw.net